UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

STEPHEN L. PHELPS,                                                          Case No.: 6:23-bk-05281-TPG

    Debtor.                                                                                         Chapter 7
_____/

BRETT PACE,

    Plaintiff,

v.                                                                                              Adv. No.: 6:24-ap-00023-TPG

STEPHEN L. PHELPS, et al.,

    Defendant.
_____/

## MOTION TO DISMISS AND MOTION TO STRIKE

### NOTICE OF OPPORTUNITY TO OBJECT AND FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 400 W. Washington Street, Suite 5100, Orlando, FL 32801 within fourteen (14) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

Defendants, Stephen L. Phelps ("Debtor") and Eunice Loreanna Phelps move the Court for entry of an Order dismissing Count II pursuant to F. R. B. P. 7012 and Fed. R. Civ. P. 12(b)(6) on the grounds that the Plaintiff failed to state a claim upon which relief can be granted, and the Debtor moves the Court for entry of an Order striking Plaintiff's claim for attorney's fees as to Count I and in support say:

## Background

1. On December 15, 2023, the Debtor filed a voluntary petition commencing this case as a case under Chapter 7.

2. On March 15, 2024, Brett Pace ("Pace") filed the Complaint in this adversary case titled "Complaint Seeking to Determine Dischargeability of Indebtedness Pursuant to 11 USC 523 and for Other Relief." (the "Complaint") (Doc. 1).

3. The Complaint seeks relief in two counts. Count I seeks a determination that a claim that Pace asserts against the Debtor should be excepted from the Debtor's discharge pursuant to 11 U. S. C. §523(a)(2). Count II seeks relief under Florida State Law. The Complaint alleges that:

    a. Phelps was the sole owner of FSD Hot Rod Ranch, LLC ("FSD");

    b. Stephen Johnson was the purchasing manager for FSD;

    c. Johnson arranged for FSD to purchase two motor vehicles from Pace pursuant to the terms of written agreements titled "FSD Delayed Payment Agreement" (the "Contracts"), copies of which is attached to the Complaint; and

    d. FSD defaulted under the Contracts by not paying Pace.

4. The Contracts do not contain any provision for the recovery of attorney's fees by any party to the agreement.

5. Defendants view the claim as a breach of contract claim against FSD but will respond to the substance of the claim after the Court rules on this Motion to Dismiss.

**Motion to Dismiss as to Count II**

Count II is a claim for Violation of Florida's Deceptive and Unfair Trade Practices Act, which is a claim under Florida state law pursuant to Fla. Stat. §§501,201- 501.213. Count II does not assert any claims under the Bankruptcy Code. There is not a single allegation in Count II that seeks an exception to discharge under any provision of 11 U. S. C. §523 or objects the Debtor's discharge under any provision of 11 U. S. C. §727.

The relief sought in Count II "a judgment…for an amount to be determined at trial, including an award of interest and an award of attorney's fees and costs pursuant to Fla. Stat. §501.211(1) and 501.2105." In the wherefore clause of Count II, Kimball also "reserves the right to seek leave of court to assess punitive damages against Defendant."

The only claims that a creditor can bring in a Chapter 7 case are claims for an exception to discharge under 11 U. S. C. §523 or an objection to discharge under 11 U. S. C. §727. Count II does not seek either form of relief. Therefore, Count II of the Complaint is due to be dismissed for failing "to properly plead any §523 (or any other bankruptcy) cause of action."[1]

**Motion to Strike Count I Claims for Attorney's Fees**

In Count I of the Complaint, Plaintiff seeks an award of attorney's fees. The Bankruptcy Code does not provide any statutory basis for attorney's fees for a prevailing creditor in a §523 action. *Headrick v. Atchison (In re Atchison)*, 255 B.R. 790, 792 (Bankr. M.D. Fla. 2000). Fees may be recoverable in an exception to discharge action, but only if attorney's fees are provided

---

[1] *Hospitality Innovations, LLC, et al v. Gaskin*, 6:11-ap-00016-KSJ (Doc. 27).

in an enforceable contract between the parties.[2] Here, there is a contract, but it does not provide for the recovery of attorney's fees. Accordingly, the Debtor requests the entry of an Oder striking any and all claims for attorney's fees.

                                    **Kenneth D. (Chip) Herron, Jr.**
                                    Florida Bar No. 699403
                                    **Herron Hill Law Group, PLLC**
                                    P. O. Box 2127
                                    Orlando, Florida 32802
                                    Telephone: (407) 648-0058
                                    Primary e-mail: chip@herronhilllaw.com
                                    Secondary e-mail: elizabeth@herronhilllaw.com

                                    Attorneys for Stephen L. Phelps and
                                    Eunice Loreanna Phelps

---

[2] *Transouth Financial Corp. of Florida v. Johnson (In re Johnson)*, 931 F.2d 1505, 1509 (11th Cir. 1991).