IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

Orlando Division

In re:  Stephen L. Phelps, Debtor.

           Case No. 6:23-bk-05281-TPG

BRETT A. PACE,

  Plaintiff,

vs.

STEPHEN L. PHELPS, Debtor,
STEPHEN JOHNSON, EUNICE LOREANNA
PHELPS and TRACI CREECH,

  Defendants.

_____/

## Amended Complaint Seeking to Determine Dischargeability of Indebtedness Pursuant to 11 USC 523 and for Other Relief

  Plaintiff, BRETT A. PACE, by and through his undersigned counsel, files his Amended

Complaint against the Debtor/Defendant, STEPHEN L. PHELPS, Defendant, STEPHEN

JOHNSON, Defendant, TRACI CREECH and Defendant, EUNICE LOREANNA PHELPS, and

alleges as follows:

  1.  This is a core proceeding over which this court has jurisdiction under 28 U.S.C. §

157(b).

  2.  Plaintiff is a creditor in this chapter 7 case and Defendant, STEPHEN L.

PHELPS, is the Debtor.

  3.  Defendant, STEPHEN JOHNSON, is a creditor in this Chapter 7 case.

  4.  Defendant, EUNICE LOREANNA PHELPS, is also a creditor in this Chapter 7

case.

5.      Defendant, TRACI N. CREECH, is also a creditor in this Chapter 7 case.

6.      This is an adversary proceeding to object to the discharge of the debt owed by the Debtor, to the Plaintiff, pursuant to 11 U.S.C. § 523 and for other relief.

7.      Plaintiff is listed on Debtor's Amended Schedules E/F and H, 4.8, for a debt of an unknown amount.

8.      At all times material hereto, FSD Hot Rod Ranch, LLC (FSD) was a Florida limited liability company registered office with the Secretary of State of Florida.

9.      At all times material hereto, Debtor/Defendant, STEPHEN L. PHELPS, operated FSD from the property located at 37245 County Road 439, Eustis, FL 32736-9062.

10.     At all times material hereto, and as will be further alleged herein, Defendant/Debtor, STEPHEN L. PHELPS, and others, used FSD as a means and mechanism to defraud the Plaintiff and others.

11.     Defendant/Debtor, STEPHEN L. PHELPS, with the assistance of Defendant, STEPHEN JOHNSON, Defendant, EUNICE LOREANNA PHELPS, Defendant, TRACI N. CREECH, Betty Corrine Ferrero, a/k/a Beth Sobol, and others, managed the financial and operational affairs of FSD in Lake County, Florida.

12.     Defendant, STEPHEN JOHNSON was the de facto purchasing manager for FSD in Lake County, Florida.

13.     As will be alleged further in this document, Defendants and others have engaged in a conspiracy to defraud Plaintiff and others through a pattern of fraudulent and deceptive behavior in furtherance of enriching their individual and combined financial interests at the expense of innocent victims such as Plaintiff and others.

14.     Plaintiff, BRETT A. PACE (hereinafter referred to as "PACE"), at all times material hereto, is and was a resident and citizen of the State of Utah.

## FACTUAL ALLEGATIONS

15.     During its existence, FSD claimed to specialize in custom automobile sales, including hot rods/street rods, and classic cars.  Moreover, it also purchased vehicles for its inventory from anxious and trusting sellers around the United States.

16.     FSD made representations on its website that it has an inventory of over 60 vehicles to choose from.

**A.   Stephen Johson's Participation in the Conspiracy to Defraud**

17.     FSD acquired much of its inventory through the efforts of its purchasing manager, Defendant, STEPHEN JOHNSON (hereinafter referred to as "JOHNSON").

18.     One of JOHNSON'S functions as purchasing manager was to scour the internet and other sources looking for individuals who are advertising the sale of their vehicles. JOHNSON narrowed his search to include only vehicles that are compatible with the inventory needs of the FSD.   In many cases, the individuals selected by JOHNSON were unsophisticated sellers making their first sale.

19.     On information and belief, JOHNSON acquired over 1000 vehicles for the inventory of FSD.

20.     Once JOHNSON located a potential seller, he presented them with a contract for the sale of their vehicle to FSD.  In that contract, FSD promised to pay the customer for the sale of their vehicle.  However, at all times in performing his duties as purchasing manager for FSD and in acquiring vehicles for FSD, JOHNSON knew that in most cases, FSD was either unable or unwilling to pay the customers for their vehicles.  Yet, he went ahead anyway acquiring vehicles

for FSD from sellers around the United States who trusted that FSD would timely pay them for their vehicles.

21.     In early October of 2023, FSD notified its current and former customers that for "unforeseen circumstances" it was closing its business.

**B.  Plaintiff's Sales of his 2 vehicles to FSD Hot Rod Ranch**

22.     On or about September 7, 2022, Defendant/Debtor, through FSD purchased from Plaintiff his 1972 GM half-ton truck ("1972 GM half-ton truck") and his 1958 Chevrolet Apache ("Apache").

23.     On or about September 7, 2022, FSD signed a Delayed Payment Agreement relative to the 1972 GM half-ton truck which required payment full payment when "the sale of the vehicle is complete or in 90 days (whichever is sooner)."

24.     On or about September 7, 2022, Defendant/Debtor, through FSD signed a Delayed Payment Agreement relative to the Apache which required payment full payment when "the sale of the vehicle is complete or in 90 days (whichever is sooner)."

25.     The purchase price for the Plaintiff's 1972 GM half-ton truck was $28,000.00.

26.     The purchase price for the Plaintiff's Apache was $50,000.00.

27.      Pursuant to the contract between the parties, the initial 90-day period was completed for the Apache on December 6, 2022.

28.     Therefore, starting December 7, 2022, the bonus of $30 a day to be paid on the Apache was May 23, 2023.  This was 168 days from the start of the $30 per day bonus payments. 168 x $30 = $5,040 bonus as reflected in the agreement between the parties.

29.     The total amount due for the Apache was $55,400 according to the agreement.

30.     Plaintiff released the Apache title and only received $53,000.

31.     Therefore, there remains $2,400.00 due to Plaintiff from Defendants pertaining to the Apache.

32.     As to the 1972 GM half-ton, Defendants failed and refused to pay to Plaintiff the $28,000 due plus additional $30 a day from 12/6/22 until the day the funds for the GMC half-ton were paid.

33.     The contacts between the Plaintiff and FSD/STEPHEN L. PHELPS are attached hereto as Exhibit 1.

**C.  FSD Would not Pay Plaintiff for his Vehicles.**

34.     After payment was due for the 1972 GM half-ton truck and Apache, Plaintiff contacted Defendants on numerous occasions by email, text message and telephone requesting payment but his requests for payment were completely ignored.   Plaintiff communicated with Defendants, STEPHEN L. PHELPS, STEPHEN JOHNSON, LOREANNA PHELPS and TRACI CREECH, all of whom assured Plaintiff that payment would be made, however, at the time of making these assurances, Defendants knew that FSD was either unwilling or unable to make payment to Plaintiff.

35.     All of the actions of the Defendants, STEPHEN PHELPS, STEVE JOHNSON, LOREANNA PHELPS and TRACI CREECH, as alleged herein, were in furtherance of the conspiracy to defraud the Plaintiff and others.

36.     Essentially, Defendants operated a Ponzi scheme by acquiring motor vehicles without paying the owners; then, eventually, paying owners who complained the "loudest" from the sales of other vehicles it acquired pursuant to its scheme to defraud.

37.     In response to Plaintiff's requests for payment, Defendants continued to deceive Plaintiff by assuring him that payment was made.

38.     The emails and messages from Defendants are attached hereto and marked as Exhibit 2.

39.     An act done in pursuit of a conspiracy by one conspirator is an act for which each other conspirator is jointly and severally liable.[1/]

## Count I
## Objection to Discharge of Debt Under Section 523

40.     Plaintiff sues the Defendant/Debtor, STEPHEN L. PHELPS, as alleges as follows:

41.     Plaintiff realleges and incorporate paragraphs 1 through 39 as though fully set forth herein.

42.     11 U.S.C. §523(a) states, in part, as follows:

A discharge…does not discharge an individual debtor from any debt—

(2)  for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by—

(A)  false pretenses, a false representation, or actual fraud. . .

.  .  .

(4)  for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

43.     As alleged herein, the acts intentionally undertaken by the Debtor/Defendant to defraud Plaintiff all constitute fraud within the meaning of section 523(a)(2).

---

[1/] *Nicholson v. Kellin*, 481 So. 2d 931, 935 (Fla. 5th DCA 1985)

WHEREFORE, Plaintiff respectfully requests the following:

a.  That this Court enter an order denying the discharge of the Debtor/Defendant's debt to Plaintiff pursuant to 11 U.S.C. §523,

b.  That this Court enter Judgment against Defendant/Debtor, STEPHEN L. PHELPS, for $37,410.00; and

c.  For such further relief as this Court deems necessary and appropriate.

**COUNT II – VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (FLA. STAT. §§ 501.201 – 501.213) ["FDUTPA"]**

44.   Plaintiff sues Defendants, STEPHEN L. JOHNSON, STEPHEN JOHNSON, TRACI CREECH and EUNICE LOREANNA PHELPS and alleges as follows:

45.   Section 727(b) of the Bankruptcy Code excepts from discharge those debts "provided in section 523 of this title."

46.   Section 523(a)(2)(A) of the Bankruptcy Code provides that a discharge may not be granted for any debt resulting from "money… to the extent obtained by false pretenses, a false representation, or actual fraud."

47.   Plaintiff re-alleges, and adopts by reference herein, Paragraphs 1-39 above, and further alleges:

48.   Chapter 501, Fla. Stat., Florida's Deceptive and Unfair Trade Practices Act is to be liberally construed to protect the consuming public, such as Plaintiff in this case, from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.

49.    Plaintiff is a consumer within the meaning of Fla. Stat. § 501.203(7).

50.    Defendants engaged in trade and commerce within the meaning of Fla. Stat. §501.203(8).

51.    While FDUTPA does not define "deceptive" and "unfair," it incorporates by reference the Federal Trade Commission's interpretations of these terms.  The FTC has found that a "deceptive act or practice" encompasses "a representation, omission or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment."

52.    Defendants deceived Plaintiff and failed to inform him that they would take possession of his two vehicles making false promises that they would pay him; but, they had no intention of ever paying Plaintiff on the sales of his Apache and 1972 GM half-ton truck as they had done with many other consumers like Plaintiff.

53.    As is alleged herein, Defendants engaged in a conspiracy to defraud Plaintiff and others through deception.

54.    As a result of Defendants' deceptive trade practices, Plaintiff was deceived into delivering his Apache and 1972 GM half-ton truck to Defendants for potential sale – thus causing Plaintiff significant economic damage, losing both the vehicles and the agreed upon selling prices.

55.    The materially false statements and omissions as described above; and the fact that Defendants perpetrated upon Plaintiff a sham transaction; were unfair, unconscionable, and deceptive practices perpetrated on Plaintiff which would have likely deceived a reasonable person under the circumstances.

56. As a result of the false representations described above, Plaintiff has been damaged by, among other things, losing his valuable 1972 GM half-ton truck and Apache and/ or the proceeds thereof.

57. Plaintiff has also been damaged in other and further ways subject to proof at trial.

58. Therefore, Defendants engaged in unfair and deceptive trade practices in violation of section 501.201 et seq., Fla. Stat.

59. Pursuant to §§ 501.211(1) and 501.2105, Fla. Stat., Plaintiff is entitled to recover from Defendants the reasonable amount of attorneys' fees Plaintiff has incurred in representing his interests in this matter.

WHEREFORE, Plaintiff, BRETT A. PACE, demands judgment against Defendants, STEPHEN L. PHELPS, STEPHEN JOHNSON, TRACI N. CREECH, and EUNICE LOREANNA PHELPS, for an amount to be proven at trial, including an award of interest and an award of attorney's fees and costs pursuant to Fla. Stat. § 501.211(1) and 501.2105.  Plaintiff reserves the right to seek leave of court to assess punitive damages against Defendants.

Dated this 27 September 2024.

        */s/ N. James Turner*            .
N. James Turner, Esquire
Counsel for Plaintiff, BRETT A. PACE
3670 Maguire Boulevard, Suite 310
Orlando, Florida  32803
(888) 877-5103
Email address:  njtlaw@gmail.com
Florida Bar No. 203041

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on 27 September 2024, I electronically filed the foregoing with the Clerk of Court by using the Case Management/Electronic Case Filing ("CM/ECF") system which will send a notice of electronic filing, and I will complete service of the foregoing as required by Rule 5, Federal Rules of Civil Procedure, made applicable by Rule 7005, Federal Rules of Bankruptcy Procedure, to all parties indicated on the electronic filing receipt, and to the Debtor at the address below.

*/s/ N. James Turner* .
N. James Turner, Esq.

Debtor:
Stephen L. Phelps
37245 County Road 439
Eustis FL 32736