UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:

STEPHEN L. PHELPS,                                      Case No.: 6:23-bk-05281-TPG

   Debtor.                                                       Chapter 7
_____/

BRETT PACE,

   Plaintiff,

v.                                                     Adv. No.: 6:24-ap-00023-TPG

STEPHEN L. PHELPS, et al.,

   Defendants.
_____/

## ANSWER TO AMENDED COMPLAINT

Defendants, Stephen L. Phelps ("Debtor" or "Phelps") and Eunice Loreanna Phelps, answer the Amended Complaint and says:

### Background

1. Admitted.

2. Denied.  Brett Pace did not file a proof of claim.

3. Denied.  Stephen Johnson did not file a proof of claim.

4. Denied.  Eunice Phelps ("Eunice") did not not file a proof of claim.

5. Denied.  Traci Creech did not not file a proof of claim.

6. Admitted.

7. Admitted.

8. Admitted that FSD Hot Rod Ranch, L. L. C. ("FSD") was Florida limited liability company.  Otherwise, denied.

9. Admitted that FSD was Florida limited liability company. Otherwise, denied.

10. Denied.

11. Denied.

12. Denied. Stephen Johnson was an entry-level employee. He was not the purchasing manager and had knowledge of FSD's financial position and made no decisions about what FSD would pay for a car.

13. Denied.

14. Without knowledge and therefore denied.

15. Admitted that FSD was in the business of buying and selling cars. Otherwise, denied.

16. Without knowledge and therefore denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Admitted.

22. Admitted that FSD purchased the 1972 GM truck and the 1958 Chevrolet Apache. Otherwise, without knowledge and therefore denied.

23. Denied. The Delayed Payment Agreement speaks for itself.

24. Denied. The Delayed Payment Agreement speaks for itself.

25. Without knowledge and therefore denied.

26. Without knowledge and therefore denied.

27. Denied. The Delayed Payment Agreement speaks for itself

28. Denied. The Delayed Payment Agreement speaks for itself.

29. Without knowledge and therefore denied.

30. Admitted that FSD paid Plaintiff some amounts.

31. Denied.

32. Admitted that FSD owes Plaintiff some amounts under the Delayed Payment Agreement relating to the 1972 GM truck.  Otherwise, denied.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Denied.

36. Denied.

37. Denied.

38. Without knowledge and therefore denied.

39. Without knowledge and therefore denied.

## Count I

40. Without knowledge and therefore denied.

41. Phelps realleges and incorporates his responses to paragraphs 1 - 39 above.

42. Admitted.

43. Denied.

## Count II

44. Without knowledge and therefore denied.

45. Denied.

46. Admitted.

47. Phelps realleges and incorporates his responses to paragraphs 1 -39 above.

48. Without knowledge and therefore denied.

49. Without knowledge and therefore denied.

50. Without knowledge and therefore denied.

51. Without knowledge and therefore denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

**Kenneth D. Herron, Jr.**
Florida Bar No. 699403
**Herron Hill Law Group, PLLC**
P. O. Box 2127
Orlando, Florida 32802
Telephone: (407) 648-0058
Primary e-mail: chip@herronhilllaw.com
Secondary e-mail: elizabeth@herronhilllaw.com

Attorneys for Stephen L. Phelps and
 Eunice Loreanna Phelps